

## Fourth Court of Appeals
### San Antonio, Texas

## MEMORANDUM OPINION

No. 04-20-00108-CR

Genene **JONES**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 399th Judicial District Court, Bexar County, Texas
Trial Court No. 2017CR5730
Honorable Frank J. Castro, Judge Presiding

Opinion by:  Rebeca C. Martinez, Chief Justice

Sitting:  Rebeca C. Martinez, Chief Justice
Patricia O. Alvarez, Justice
Beth Watkins, Justice

Delivered and Filed: August 25, 2021

AFFIRMED

Genene Jones appeals from an order denying her "Motion to Dismiss for Lack of Speedy Trial and Denial of Due Process."  Jones reserved her right to appeal the trial court's denial, subsequently pled guilty to murder, and was convicted.  In a single issue, Jones challenges the denial of her motion.  We affirm.

### BACKGROUND

In 1984, Jones was convicted of murder and of injury to a child after she was found to have injected a muscle relaxant into two patients she had attended to as a nurse.  Jones was sentenced

to 99 years' and 60 years' confinement, respectively, for these crimes, and her convictions were affirmed on appeal. *See Jones v. State*, 751 S.W.2d 682, 683 (Tex. App.—San Antonio 1988, no writ); *Jones v. State*, 716 S.W.2d 142, 143 (Tex. App.—Austin 1986, writ denied). Jones has remained confined ever since.

In 2017, the State indicted Jones for the murder of another child, who died in 1981, after prosecutors became aware that Jones could be eligible for parole. Jones filed a "Motion to Dismiss for Lack of Speedy Trial and Denial of Due Process," challenging the 36-year delay from the time of the alleged crime to the date of indictment. After hearing testimony from district attorneys and prosecutors regarding their reasons for delay over the years and ultimately for indictment, the trial court denied Jones's motion. Jones, subsequently, pled guilty to the charge, but reserved her right to appeal the trial court's denial of her motion. She now appeals.

**DISCUSSION**

Jones contends that she was denied the right to a speedy trial because the State "acted in 'Bad Faith' and for the sole purpose of denying her a fair trial and with the intent to keep her continuously incarcerated." She asserts: "The sole issue for concern is whether the State can investigate a person for a crime, decide not to prosecute them, wait decades while that person sits in prison, does nothing until receiving notification that a person is pending release on parole, then decides to file additional charges."

### *Speedy Trial*

While Jones describes her issue as one related to her right to a speedy trial under the Sixth Amendment to the United States Constitution, her issue more appropriately concerns the Fifth Amendment guarantee of due process. To the extent she lodges a Sixth Amendment complaint, we overrule it.

"The Sixth Amendment to the United States Constitution, made applicable to the States through the Fourteenth Amendment, guarantees a speedy trial to an accused." *Gonzales v. State*, 435 S.W.3d 801, 808 (Tex. Crim. App. 2014); *see* U.S. CONST. amend VI. The Texas Constitution provides a similar, but independent, guarantee that is reviewed under the same balancing test applicable to the federal right. *See* TEX. CONST. art. I, § 10; *Harris v. State*, 827 S.W.2d 949, 956 (Tex. Crim. App. 1992); *see also* TEX. CODE CRIM. PROC. ANN. art. 1.05; *Barker v. Wingo*, 407 U.S. 514, 530 (1972) (specifying balancing test). The right to a speedy trial attaches once a person is arrested or charged and becomes an "accused." *Cantu v. State*, 253 S.W.3d 273, 280 (Tex. Crim. App. 2008). The length of the delay to trial is measured from the time of arrest or charge, and the balancing test "is triggered by a delay that is unreasonable enough to be 'presumptively prejudicial.'" *Id.* at 281 (quoting *Barker*, 407 U.S. at 530); *see also Harris*, 827 S.W.2d at 956.

Jones does not argue that the delay to trial, measured from the time of her indictment in 2017, was unreasonable. Instead, her complaint concerns the State's delay in bringing the indictment in 2017 related to a death that occurred in 1981. Her complaint does not implicate speedy trial concerns. *See Gonzales v. State*, 435 S.W.3d 801, 808 (Tex. Crim. App. 2014) ("[A] person who has not yet been formally charged cannot seek protection from the Speedy Trial Clause."); *Cantu*, 253 S.W.3d at 280. Accordingly, we reject her issue as it relates to the speedy trial guarantees of the Sixth Amendment to the United States Constitution and Article I, section 10 of the Texas Constitution.

### *Due Process*

Jones's complaint, however, implicates the Fifth Amendment to the United States Constitution.[1] Statutes of limitation are the primary protection of citizens from stale criminal

---

[1] The complaint may also implicate the due-course-of-law clause of Article 1, section 10 of the Texas Constitution. *See* TEX. CONST. art. I, § 10; *see also* TEX. CODE CRIM. PROC. ANN. art. 1.04. We evaluate Jones's issue under federal

charges that impair citizens' abilities to defend themselves. *See United States v. Marion*, 404 U.S. 307, 322 (1971); *State v. Krizan-Wilson*, 354 S.W.3d 808, 813–14 (Tex. Crim. App. 2011).[2] However, the Due Process Clause of the Fifth Amendment "has a limited role to play in protecting against oppressive delay." *Krizan-Wilson*, 354 S.W.3d at 814 (quoting *United States v. Lovasco*, 431 U.S. 783, 789 (1977)); *see also* U.S. CONST. amend V. The Supreme Court has not determined, in the abstract, the circumstances in which a pre-indictment delay would result in a due process violation, and federal circuits have split as to the standard to apply. *See Krizan-Wilson*, 354 S.W.3d at 814. The Texas Court of Criminal Appeals has followed the Fifth Circuit's "bright-line methodology," requiring that "a defendant must demonstrate that the delay: 1) caused substantial prejudice to his right to a fair trial, and 2) was an intentional device used to gain a tactical advantage over the accused." *Id.* at 814–15 (citing *United States v. Crouch*, 84 F.3d 1497, 1514 (5th Cir. 1996)). The Court of Criminal Appeals has "effectively left open the possibility the [S]tate may commit a due-process violation for reasons other than to gain a tactical advantage, but has not specified which reasons constitute 'bad faith purposes.'" *Id.* at 815; *see also Crouch*, 84 F.3d at 1514 ("We need not now attempt to catalogue all possible 'other' impermissible, bad faith purposes of intentional delay, although *Marion*[, 404 U.S. at 325–27,] indicates that a purpose 'to harass' the defendant would be included.").

We review the trial court's order denying Jones's motion to dismiss under a bifurcated standard. *See Krizan-Wilson*, 354 S.W.3d at 815. We give almost total deference to the trial court's fact findings that are supported by the record and to its determinations of mixed questions

---

law because the Texas clause generally "does not provide any greater protection than the federal due process clause" and because Jones does not cite to any cases discussing the Texas clause. *State v. Vasquez*, 230 S.W.3d 744, 750 (Tex. App.–Houston [14th Dist.] 2007, no pet.); *see Stoernell v. State*, No. 14-14-00371-CR, 2015 WL 5025630, at *5 (Tex. App.—Houston [14th Dist.] Aug. 25, 2015, no pet.) (analyzing, under federal law, issues of pre-indictment delay as they relate to the Fifth Amendment and to the Texas due-course-of-law clause).

[2] There is no statute of limitations for the offense of murder in Texas. TEX. CODE CRIM. PROC. ANN. art. 12.01(1); *Ibarra v. State*, 11 S.W.3d 189, 193 (Tex. Crim. App. 1999).

of law and fact that depend on determinations of witness credibility. *Id.* The trial court denied Jones's motion without making express findings of fact; therefore, we must presume the trial court resolved any disputed fact issues in the State's favor, and we must defer to the implied findings of fact that the record supports. *See Cantu*, 253 S.W.3d at 282. We review *de novo* pure questions of law and mixed questions of law and fact that do not depend on credibility determinations. *Krizan-Wilson*, 354 S.W.3d at 815.

Jones asserts that the State waited 36 years to bring an indictment "for the sole purpose of denying her a fair trial and with the intent to keep her continuously incarcerated." Even if we were to assume that the delay caused substantial prejudice to Jones's right to a fair trial, this prejudice alone would not be enough for relief. "[P]roving delay and prejudice does not prove bad faith." *Id.* at 818 (holding 23-year delay did not offend due process because there was no evidence the State delayed for an improper purpose, although defendant had shown "significant prejudice").

If the State's intent was to keep Jones "continuously incarcerated," so that she would not obtain release through parole, Jones has not provided authority to suggest that this intent offends due process. On the other hand, authority supports, as permissible, the reasons prosecutors and district attorneys gave for the delay. The record shows that the decision to indict in 2017 was the result of favorable changes in the law, additional evidence gathered, and a difference of opinions among prosecutors about whether to pursue charges.

The original prosecutor on the case testified that a decision was made in the 1980s not to prosecute this case in favor of cases with more direct evidence, for which conviction and affirmance on appeal were more likely. At the time, legal sufficiency review was subject to a "reasonable hypothesis" rule, which has since been rejected, and the admission of extraneous evidence under the "doctrine of chances" was untested; in 2009, the Court of Criminal Appeals endorsed the doctrine. *See De La Paz v. State*, 279 S.W.3d 336, 347–48 (Tex. Crim. App. 2009)

(determining trial court did not abuse its discretion when admitting extraneous evidence of a highly unlikely event being repeated three different times because the "'doctrine of chances' tells us that highly unusual events are unlikely to repeat themselves inadvertently or by happenstance"); *Geesa v. State*, 820 S.W.2d 154, 156–61 (Tex. Crim. App. 1991) (rejecting "reasonable hypothesis" rule, which required for conviction, in circumstantial evidence cases, that the jury "must find that the evidence negated every reasonable hypothesis other than that hypothesis establishing the guilt of the defendant before they could convict"), *overruled on other grounds by Paulson v. State*, 28 S.W.3d 570 (Tex. Crim. App. 2000); *cf. Ibarra*, 11 S.W.3d at 193–94 (determining no due process violation where State waited nine years between dismissing an indictment and reindicting after a change in the law allowed the State to obtain a search warrant to secure previously-inaccessible evidence).

A prosecutor who was assigned to the case in 2016 testified that he gathered additional evidence, including an eye-witness statement and second-hand accounts that Jones admitted to additional murders beyond the one she was convicted for in 1984. *Cf. Krizan-Wilson*, 354 S.W.3d at 820 (noting Supreme Court has "emphasiz[ed] the need not to penalize prosecutors who delay action for the purpose of procuring additional evidence" (citing *Lovasco*, 431 U.S. at 795)). This prosecutor and the district attorney serving when the indictment was filed testified that they believed the evidence was sufficient to convict Jones. A district attorney who served before the indictment was filed testified that she left the decision on whether to pursue indictment to her successor. To the extent testimony from prosecutors and district attorneys reflects a difference of opinions about the strength of the case, any delay attributable to this difference does not violate due process. *See id.* ("[T]he simple fact that a lengthy delay has occurred for no other reason than a difference of opinions amongst prosecutors does not violate due process.").

Without evidence showing improper intent, Jones has not carried her burden to establish a due process violation. *See id.* at 816 (noting defendant "had the burden to prove that the [S]tate's delay was an intentional device used to gain a tactical advantage"). We overrule Jones's issue.

## CONCLUSION

We affirm the trial court's judgment.

Rebeca C. Martinez, Chief Justice

DO NOT PUBLISH